UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                              :
DENNIS J. HUELBIG, JR,                        :    10 Civ. 6215 (RJH)(THK)
                                              :
                    Plaintiff,                :
                                              :
      -against-                               :    ORDER
                                              :
AUROROA LOAN SERVICES, LLC, et al.,           :
                    Defendants.               :
                                              :
-------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/11

      On May 18, 2011, Magistrate Judge Theodore H. Katz Issued a Report and Recommendation ("Report") recommending that the Court dismiss plaintiff Dennis J. Huelbig, Jr.'s ("Huelbig") complaint in its entirety. On June 3, 2011, Huelbig mailed his timely objections to the Report.

      The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions of a report to which specific objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). Reviewing courts should review a report and recommendation for clear error where objections are "merely perfunctory responses," argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS), 2002 U.S. Dist. LEXIS 18270, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002); *accord Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Where objections to a report are "specific and

. . . address only those portions of the proposed findings to which the party objects," district courts should conduct a de novo review of the issues raised by the objections. *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992); *see also* Fed. R. Civ. P. 72(b).

Huelbig seems to object not to the content of the Report, but rather to its very procedural existence. He seems to argue that because the Seventh Amendment affords him a right to a jury trial in all suits at common law where the amount in controversy exceeds twenty dollars, his case can be resolved only through the mechanism of a jury trial and cannot be resolved through a mechanism such as a motion to dismiss.

The right to a jury trial is surely one of the most sacred of American rights. But the right to a jury trial is not merely a matter of submitting a complaint to a court one day and then empanelling a jury the next. In our Constitutional system, the judge and the jury have separate, yet equally important constitutional roles: While the jury is to resolve disputed questions of fact, it is the role of the judge to interpret the law. *See* U.S. Const. Am. VII ("no *fact* tried by a jury"). If the plaintiff's case lacks merit as a matter of law even if he manages to prove all of the facts he says he will in his complaint, the judge may find for the defendant without submitting the case to a jury. *See Slocum v. New York Life Ins. Co.*, 228 U.S. 364, 369 (1913) ("[W]hen, on the trial of the issues of fact in an action at law before a Federal court and a jury, the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff or the defendant, as the case may be, so that such a verdict, if returned, would have to be set aside, the court may and should direct a verdict for the other party.") Here, Judge Katz made precisely that determination; he determined that even if all of the facts in Huelbig's complaint are assumed to be true, Huelbig's claims still fail as a matter of law.

Huelbig also appears to argue that his complaint should not be dismissed because his complaint fulfills the pleading standards for New York state courts. But pursuant to the Rules Enabling Act, 28 U.S.C. § 2072, "[t]he Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts . . . ." Even in diversity cases, the Federal Courts are to apply these rules and "and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Rules governing pleading requirements fall within the proper purview of the Rules Enabling Act, and so federal pleading requirements will apply in diversity cases. *See Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 613 n.7 (S.D.N.Y. 2003).

In addition to reviewing Huelbig's specific issues with the Report *de novo*, the Court reviews the remainder for clear error. Having carefully considered Judge Katz's thorough and well reasoned Report, the Court finds no error and hereby adopts it in its entirety. In light of plaintiff's subsequent amended complaint, defendants' motions to dismiss [18 and 22] are denied as moot. Defendants' motions to dismiss [38 and 40] are granted. In light of the fact that Huelbig has already amended his complaint once and requested leave from Judge Katz to amend a second time and been denied, plaintiff's complaint is dismissed with prejudice. Plaintiff's motion for judicial notice [30] is also denied.

SO ORDERED.

Dated: New York, New York

      September 13, 2011

                                        Richard J. Holwell

                                    United States District Judge